*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**In re: UPLAND PARTNERS, a Hawaii limited partnership, Debtor,**

**P.F. Three Partners, a Hawaii limited partnership, Appellant,**

**v.**

**Richard Emery, Appellee.**

**No. 05–15444.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Nov. 28, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**534**

Timothy I. Macmaster, Honolulu, HI, for Debtor.

David C. Farmer, Honolulu, HI, for Appellant.

Steven Guttman, Esq., Kessner Duca Umebayashi Bain & Matsunaga, Lyle S. Hosoda, Esq., Lyle S. Hosoda & Associates, Honolulu, HI, for Appellee.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

P.F. Three Partners ("P.F. Three") appeals the district court's order affirming the bankruptcy court's denial of administrative expense priority for three unsecured creditor claims. These unsecured claims derived from loans obtained by a Chapter 11 partnership, Upland Partners ("Upland"), without court approval. P.F. Three argues the bankruptcy court abused its discretion in holding (1) the loans obtained by the partnership constituted transactions outside the "ordinary course of business," and (2) "exceptional circumstances" did not exist to warrant allowance and payment of claims *nunc pro tunc*. We affirm.

■ P.F. Three's "ordinary course of business" claim fails for two reasons. First, the loans do not satisfy the vertical dimension test because the transactions subjected Upland's creditors to economic risks of a nature different from those accepted when the creditors extended credit. *See In re Dant & Russell, Inc.*, 853 F.2d 700, 705 (9th Cir.1988). Second, the loans

do not satisfy the horizontal test because P.F. Three failed to provide any evidence to demonstrate that sole partners of real estate development partnerships ordinarily incur debt from entities directly or indirectly controlled by the sole partner. *See id.* at 704–05. Because P.F. Three's "ordinary course of business" argument fails, the bankruptcy court did not abuse its discretion in denying P.F. Three administrative priority for the unsecured claims. *See* 11 U.S.C. § 364(a).

■ Likewise, the bankruptcy court did not abuse its discretion in holding that the facts of this case do not warrant *nunc pro tunc* allowance and payments of the claims. P.F. Three provides no evidence to show "exceptional circumstances" warranted allowance and payment of claims *nunc pro tunc*. *See In re THC Financial Corp.*, 837 F.2d 389, 392 (9th Cir.1988).

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.